**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
JASON CHRISTOPHER LONG,                             )
                                                    )
                    Plaintiff,                      )
                                                    )
            v.                                      )        Civil Action No. 1:25-cv-2406 (RC)
                                                    )
DEPARTMENT OF EDUCATION,                            )
                                                    )
                    Defendant.                      )
_____             )

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's motions to remand (ECF Nos. 3, 7, and 16), defendant's motion to dismiss (ECF No. 12), and plaintiff's motions to strike defendant's motion to dismiss (ECF Nos. 18, 21, and 23). For the reasons discussed below, the Court DENIES plaintiff's motions to remand and to strike, and GRANTS defendant's motion to dismiss for lack of subject matter jurisdiction.

## I. BACKGROUND

### A. Procedural History

Plaintiff commenced this civil action against the United States Department of Education in the Superior Court of the District of Columbia. _See Long v. U.S. Dep't of Education_, No. 2025-CAB-001418 (D.C. Super. Ct. filed Mar. 7, 2025). Defendant was served with process on June 26, 2025, and on July 24, 2025, removed the action. _See_ Notice of Removal (ECF No. 1) ¶¶ 1-2. Defendant invoked 28 U.S.C. § 1442(a)(1), which permits removal of an action brought in a State court against an agency of the United States. Plaintiff promptly filed two motions to remand (ECF Nos. 3 and 7, respectively, "Remand Mot." and "2d Remand Mot.") on July 28, 2025, and July 30, 2025.

On August 29, 2025, defendant moved to dismiss the complaint. Plaintiff filed an opposition (ECF No. 15, "Pl.'s Opp'n") on September 6, 2025, along with a third motion to remand (ECF No. 16, "3d Remand Mot."), followed by plaintiff's first motion to strike defendant's motion to dismiss (ECF No. 18, "Mot. to Strike") on September 13, 2025. Defendant filed its reply (ECF No. 17) on September 15, 2025, and an opposition to plaintiff's motion to strike (ECF No. 20) on September 24, 2025.

The Court issued an Order (ECF No. 19) belatedly advising plaintiff, pursuant to *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992) and *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988), of his obligations under the Federal Rules of Civil Procedure and the Local Civil Rules of this Court. Recognizing that plaintiff already had filed an opposition to defendant's motion to dismiss, the Court afforded him an opportunity to supplement his opposition. He did so (ECF No. 22) on October 4, 2025. Plaintiff also filed two more motions to strike defendant's motion to dismiss (ECF Nos. 21 and 23, "2d Mot. to Strike" and "3d Mot. to Strike") on October 3, 2025, and October 14, 2025, respectively.

**B. Plaintiff's Factual Allegations**

Plaintiff attended Saint Augustine University from 2004 through 2009 and received financial aid, including student loan(s). *See* Compl. (ECF No. 1-1 at 5-8) ¶¶ 5-6. DMD Financial Services, Inc. ("DMD"), the loan servicer, was "not an authorized educational servicer under the Higher Education Act," *id*. ¶ 6, yet defendant "processed the loan under the improper representation of DMD . . . without [plaintiff's] informed consent or proper authorization," *id*. ¶ 8.

According to plaintiff, he "has experienced consistent tampering with . . . student loan records," *id*. ¶ 9, to "include unauthorized alterations[,] misrepresentation, and fraudulent

modifications of the Plaintiff's financial aid and loan documents," *id*.  DMD and other student loan servicers allegedly have "engaged in fraudulent activity to manipulate the Plaintiff's records in order to mislead[,] defraud, and harm" him.  *Id*. ¶ 10.

Plaintiff submitted a request to defendant under the Freedom of Information Act ("FOIA"), *see id*. ¶ 11, for copies of Certification of Identity and Consent Forms from 2013 and 2021, *see id*. ¶¶ 12-13.  Defendant responded that "no records of these forms were available." *Id*. ¶ 12; *see id*. ¶¶ 13, 16.  Plaintiff deemed defendant's determination "a deliberate attempt to obstruct the Plaintiff's ability to prove the fraud[,] mismanagement, and wrongful handling of personal and financial information."  *Id*. ¶ 16.

Further, defendant's "conduct has led to significant defamation of the Plaintiff's character and reputation."  *Id*. ¶ 21.  The "loan, which was processed under fraudulent circumstances[,] has been reported on the Plaintiff's credit and financial records as a legitimate debt causing harm to the Plaintiff's ability to engage in financial activities and their standing in the community."  *Id*. Among other relief, plaintiff has demanded a declaration "that the loan documents processed by DMD . . . are invalid and fraudulent," loan forgiveness, and compensatory damages.  *Id*. at 8.

## II. LEGAL STANDARDS

### A. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction . . . [and it] is to be presumed that a cause lies outside this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Plaintiff bears the burden of demonstrating that this Court has jurisdiction over his claims.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "If a court lacks subject matter jurisdiction to entertain a claim, it must dismiss that claim."

*Cofield v. United States*, 64 F. Supp. 3d 206, 211 (D.D.C. 2014) (citing FED. R. CIV. P. 12(b)(1), 12(h)(3)).

### B. Removal from the Superior Court

"Congress has decided that federal officers, and indeed the Federal Government itself, require the protection of a federal forum." *Willingham v. Morgan*, 395 U.S. 402, 407 (1969). Where a United States agency is the defendant in a civil action filed in State court, removal "to the district court of the United States for the district and division embracing the place wherein it is pending," 28 U.S.C. § 1442(a), is permitted, *see id.* § 1442(a)(1); *see Poblete v. U.S. Marshals Serv.*, 253 F. Supp. 3d 115, 118 (D.D.C. 2017) (noting that 28 U.S.C. § 1442(a)(1) "grants federal agencies an 'absolute' right of removal in state court cases brought against them" (quoting *Willingham*, 395 U.S. at 406)). The Superior Court of the District of Columbia is considered a State court for purposes of the removal statute. 28 U.S.C. §§ 1442(d)(6), 1451(1).

## III. DISCUSSION

### A. Plaintiff's Motions to Strike are Denied

Plaintiff claims defendant failed to serve its motion to dismiss. *See* Mot. to Strike at 2; 2d Mot. to Strike at 1; 3d Mot. to Strike at 2. For this reason, plaintiff claims he was deprived of "notice [and] opportunity to respond, in violation of due process." 2d Mot. to Strike at 1; *see* 3d Mot. to Strike at 2. In addition to striking the motion to dismiss, plaintiff asks the Court to impose sanctions. *See* 3d Mot. to Strike at 3.

For starters, the Court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter in order to avoid the time, effort, and expense necessary to litigate spurious issues," *Nwachukwu v. Rooney*, 362 F. Supp. 2d 183, 189 (D.D.C. 2005) (citing FED. R. CIV. P. 12(f)) (footnote and additional citation omitted), and

defendant's motion to dismiss is not a pleading, *see* FED. R. CIV. P. 7(a) (identifying as pleadings a complaint, answer, reply to a counterclaim, answer to a cross-claim, third-party complaint, or third-party answer).  Further, defendant's certificate of service (ECF No. 12 at 16) indicates that, on August 29, 2025, defendant's counsel sent a copy of the motion by first class mail to plaintiff at his address of record.  That plaintiff filed an opposition (ECF No. 15) eight days later, in addition to a supplemental response (ECF No. 22) on October 4, 2025, establishes that plaintiff had an opportunity to respond to defendant's motion.  Plaintiff's motions to strike and for sanctions are DENIED.

### B.  Plaintiff's Motions to Remand are Denied

Plaintiff argues that remand is warranted because defendant "failed to timely remove the case within the required seven . . . days of service as required by 28 U.S.C. § 1442(a)(1)."  Remand Mot. at 2.  Plaintiff is mistaken.  "The notice of removal of a civil action or proceeding shall be filed *within 30 days* after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"  28 U.S.C. § 1446(b)(1) (emphasis added).  Defendant removed the action on July 24, 2025, less than 30 days after service on June 26, 2025, and removal therefore is timely.

No more successful is plaintiff's argument that remand is warranted because this Court lacks subject matter jurisdiction over his claims arising under District of Columbia law.  *See* Remand Mot. 3; 2d Remand Mot. at 1-2; 3d Remand Mot. at 4.  Jurisdiction is conferred by virtue of the removal statute, whether or not plaintiff could have brought the District of Columbia claims in federal court in the first instance.  *See Poblete*, 253 F. Supp. 3d at 118 (citing *Willingham*, 395 U.S. at 406).

The Court concludes that this action against a federal government agency properly was removed. *See Baugh v. U.S. Capitol Police*, No. 22-cv-0139 (TJK), 2022 WL 2702325, at *2 (D.D.C. July 12, 2022) (denying motion to remand, as "[a] civil action brought in the Superior Court of the District of Columbia against a federal agency such as the Capitol Police may be removed to this Court"); *Leitner v. United States*, 679 F. Supp. 2d 37, 41 (D.D.C. 2010) (concluding that action commenced in Superior Court against the United States and federal government officers properly was removed under 28 U.S.C. § 1442(a)(1)). Plaintiff's motions to remand are DENIED.

### C. Defendant's Motion to Dismiss is Granted

Defendant moves to dismiss on the ground that, because the Superior Court lacked jurisdiction over plaintiff's claims, upon removal, this federal district court also lacks jurisdiction. *See* Def.'s Mem. (ECF No. 12) at 10–11 (page numbers designated by CM/ECF). It invokes "[t]he derivative-jurisdiction doctrine [which] arises from the theory that a federal court's jurisdiction over a removed case derives from the jurisdiction of the state court from which the case originated." *Palmer v. City Nat'l Bank of W. Va.*, 498 F.3d 236, 244 (4th Cir. 2007); *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981); *see Williams v. Pretrial Servs. Agency for District of Columbia*, No. 23-cv-1859 (RDM), 2024 WL 4103708, at *2 (D.D.C. Sept. 6, 2024) (finding that, although Congress eliminated derivative jurisdiction with respect to actions removed under 28 U.S.C. § 1441, it applies to cases removed under 28 U.S.C. § 1442(a)(1). In other words, "if the . . . Superior Court lacked jurisdiction over [p]laintiff's suit, so too would this [C]ourt." *Franklin v. Soc. Sec. Admin.*, No. 24-cv-1233 (APM), 2024 WL 4854035, at *1 (D.D.C. Nov. 21, 2024).

6

Plaintiff asserts, *see* Compl. ¶ 1, that the Superior Court has jurisdiction over his claims pursuant to D.C. Code § 11-921 which, generally, provides "the Superior Court has jurisdiction of any civil action or other matter (at law or in equity) brought in the District of Columbia," D.C. Code 11-921(a).[1]  Plaintiff denies that federal question and diversity jurisdiction exist, *see, e.g.*, 2d Mot. to Remand at 2, and opines that defendant's status as "a federal agency . . . does not alone confer jurisdiction, especially where the claim arises entirely under local law," *id*.  A fair reading of the complaint belies plaintiff's insistence that his claims against the Department of Education "arise solely under District of Columbia law."  2d Mot. to Remand at 2.  Rather, plaintiff relies on two federal laws: the Higher Education Act ("HEA"), *see* 20 U.S.C. §§ 1001-1155, and FOIA, *see* 5 U.S.C. § 552.  And plaintiff's tort claims of fraud, misrepresentation, defamation and emotional distress proceed, if at all, under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 1346, 2671-80.

Federal courts have exclusive jurisdiction over FOIA and FTCA claims.  *See Kuffel v. U.S. Bureau of Prisons*, 882 F. Supp. 1116, 1120 (D.D.C. 1995) ("Section 552(a)(4)(B) of FOIA grants U.S. district courts exclusive jurisdiction over FOIA cases."); *Merkulov v. U.S. Park Police*, 75 F. Supp. 3d 126, 130 (D.D.C. 2014) (quoting 28 U.S.C. § 1346) ("FTCA . . . grants

---

[1]  Plaintiff also invokes the District of Columbia Student Loan Borrower's Bill of Rights.  *See* Mot. to Remand at 3; 2d Mot. to Remand at 2; Pl.'s Opp'n at 1.  It is not clear what claim plaintiff is bringing under the New Student Loan Borrower's Bill of Rights Amendment Act of 2024, D.C. Law 25-219 (eff. Nov. 27, 2024), or if there even is a private right of action under D.C. Law 25-219, *cf. Student Loan Servicing Alliance v. District of Columbia*, 351 F. Supp. 3d 26, 52 (D.D.C. 2018) (describing D.C. Student Loan Borrower's Bill of Rights as an "aspirational document").

'exclusive jurisdiction' to the United States district courts over civil actions brought against the United States for monetary damages.").[2]

The Supreme Court instructs that, "[i]f the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." *Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.*, 258 U.S. 377, 382 (1922). This federal district court "cannot 'acquire' jurisdiction after removal, even if [p]laintiff could have filed his complaint in federal court in the first instance." *Cofield*, 64 F. Supp. 3d at 214; *see Johnson v. D.C. Metro Transit Auth.*, 239 F. Supp. 3d 293, 296 (D.D.C. 2017) ("Because Congress has not consented to the United States being sued in state court for negligence, the Superior Court never acquired jurisdiction over either the subject matter or the Smithsonian as a United States agency."). Because the Superior Court lacks jurisdiction over plaintiff's federal law claims against the Department of Education, this Court does not acquire jurisdiction upon removal under 28 U.S.C. § 1442(a)(1). *See McCain v. Soc. Sec. Admin.*, No. 23-cv-3288, 2023 WL 9023171, at *2 (D.D.C. Dec. 29, 2023). Defendant's motion to dismiss is GRANTED.

## IV. CONCLUSION

The Court concludes that plaintiff's motions to strike defendant's motion to dismiss are meritless, that removal of this action from the Superior Court is proper, and that this Court does not acquire jurisdiction upon removal of this action from the Superior Court. Plaintiff's motions

---

[2] Jurisdiction, or lack thereof, over an HEA claim presumably is immaterial, given that no private right of action exists under the HEA. *See Pine v. Dep't of Educ.*, No. 20-cv-0527, 2020 WL 4334885, at *5 (E.D. Pa. July 28, 2020) (citing *McCulloch v. PNC Bank Inc.*, 298 F.3d 1217, 1221 (11th Cir. 2002)) ("The Higher Education Act permits only the Secretary of Education to enforce the Act's provisions."); *see also Blanchette v. Navient Corp.*, No. 18-cv-2288, 2019 WL 8229236, at *3 (C.D. Ill. Jan. 22, 2019), *aff'd*, 772 F. App'x 343 (7th Cir. 2019).

to strike and for remand are denied, and defendant's motion to dismiss is granted.  An Order is

issued separately.


DATE: December 10, 2025                    /s/
                                           RUDOLPH CONTRERAS
                                           United States District Judge